with the docketing of judgments in the supreme court in the manner prescribed by the revised statutes. Nor does it authorize the docketing of such judgments in the office of the county clerk for the purpose of giving it a preference in payment out of the estate of the judgment debtor, in case of his death. It may therefore be necessary that the clerks of the supreme court shall continue to docket judgments in the manner prescribed in the revised statutes, to entitle them to a preference over subsequent judgment creditors, in payment out of an insolvent estate."

Order appealed from affirmed, with costs; but without prejudice to defendant's right to apply to the vice chancellor to dissolve the injunction, on paying into court the amount of the judgment, with interest, and giving security for payment of costs &c.

*John W. Turner* v. *James Peck.* W. DUER, for appellant; W. F. ALLEN, for respondent. Decree appealed from affirmed with costs, and proceedings remitted to vice chancellor.

*The Oswego Falls Bridge Co.* v. *Aaron G. Fish et al.* T. JENKINS, for appellants; H. SPENCER, for respondents. Appeal from a decree of the vice chancellor of the fifth circuit dismissing the complainant's bill with costs. The object of the bill was to restrain the commissioners, appointed by the act of April, 1838, to build a free bridge across the Oswego River, between the falls and the North line of the village of Fulton, from proceeding to erect such bridge. The principal question was whether the Legislature had the right to authorize the erection of a free bridge across the river so near to the bridge which the complainants had erected under their charter as to diminish their tolls, and materially impair the profits of the company.

Right to build a free bridge near to a toll bridge already erected.

The chancellor held that the case could not be distinguished, in principle, from those of the *Charles River Bridge Company* v. *The Warren Bridge*, decided by the supreme court of the United States (11 *Peters' Rep.* 420,) and *The Mohawk Bridge Co.* v. *The Utica & Schenectady R. R. Co.* decided by this court, (6 *Paige's Rep.* 554.) And he decided in accordance with those decisions.

Decree appealed from affirmed with costs.