Cardozo, J.
That freight depots, at convenient localities, are “necessary” to the operation of the petitioners’ road, is undeniable. The company, therefore, “requires” real estate for that purpose.
*92 To say that it can get along with a lease, is to say what is equally true respecting every foot of land over which it runs its cars, but to claim that therefore the fee is not “required, ” is to apply a hypercritical meaning to that term, which ought not to prevail against a corporation created for the convenience of the public, and is contrary to the plain intent of the statutes upon these subjects, which make no provision to enable companies to compel leases, but always provide for the acquisition of the land itself.
The necessity, therefore, of having freight depots and land for them, plainly existing, I think it cannot be said that the land is not required now because the lease has not yet expired; because the company is bound in good faith to secure for itself suitable depots before 'the lease expires, so that the public be not subjected to inconvenience at that time. It will not avail to say that the owners may renew or extend the lease ; the company is not bound by any statute to take such renewal, or to take a lease at all. It is entitled to acquire the land, provided, only, that the purpose for which it wants it, which is all the word “ required” in these statutes means, be necessary to the operation of the railroad. The statute (Laws of 1854, 608, ch. 282, § 2) provides, that, on presenting the petition, the court shall hear the proofs and allegations of the parties, those opposing being allowed to disprove any of the facts alleged in the petition, and if no sufficient cause is shown against granting the prayer of the petition, an order appointing commissioners is to be made. It is the court that is to pass judgment upon the case, and the reference has no other effect than to relieve it from the labor of taking the evidence.
Reading the evidence carefully, I think the petitioners make out their case, and that the facts are not disproved. Against the theory that other land will answer equally well (if that were material, which I *93 think is not the case), is the fact that this property has long been used for just the purpose for which the fee is now sought to be acquired. Its “necessity” for that purpose has thus been practically established. This consideration disposes of the objection that the company has other land, or might possibly acquire other by voluntary sale from other owners. It might, perhaps, be worth while to discuss the latter branch of the objection, if the objectors had shown that other property, suitable for that purpose, could, in fact, be so purchased ; but nothing of that kind appears. But if it did, I should be of opinion that it afforded no answer to the petition. The statute plainly contemplates that the company shall locate the lands which it needs. It might, with as much reason, be claimed that by making a curve in its road bed, the company could get around the land of a man unwilling to part with hi's property, and reach ground of an owner who would sell voluntarily. The statute does not contemplate^ or design any such thing.
The motion to appoint commissioners is granted.
An order appointing the following named gentlemen will be entered.
Elbert S. and Elizabeth Kip appealed to the court at general term.
Elbridge T. Gerry, for the appellants. — I. The statutes under color of which the proceedings were taken are unconstitutional.
II. Assuming the constitutionality of the statutes, the petition and evidence do not show that the land is required for any of the purposes mentioned in the petition, or in the statutes, nor are the proceedings herein authorized by law. .
III. The evidence shows that there is an other person besides the appellants, to wit: Timothy Gf. *94 Churchill, who has or may claim an interest in the premises, and of whose alleged interest the petitioner had notice at the time of filing and presentation of the petition herein, but who does not appear to have had notice thereof or to have been named or included therein.
IY. The evidence shows that the whole capital stock of the petitioner has not been subscribed and paid in, as required by statute.
. Y. The evidence shows that the petitioner, although ostensibly a corporation, is really a private association of individuals, who own and control the larger portion of the stock, fill its offices, enjoy its franchises and control its board of directors, solely with a view to their own pecuniary advantage, and who are now seeking to acquire the real estate in question, ostensibly for the advantage of the public and the corporation, whose franchises they have usurped, but in reality for their own secret gain and benefit, and not for any benefit to the public or the people of the State.
YI. The evidence shows that the petitioner owns other premises equally ample for-the purposes averred in the petition.
YU. The evidence shows that the petitioner has heretofore voluntarily sold other lands owned by it, which, if retained, would have been equally available for any or all of the purposes averred in the petition, and have rendered the present proceeding unnecessary.
YIII. The petitioner now holding the premises under a lease not yet expired, and. such lease being now a valid contract between the parties,- this proceeding is illegal as impairing the rights of the parties under the contract, and is in violation of the United States Constitution.
Miles Beach, for the respondent. — I. The law *95 under which this proceeding is taken requires the facts following to be shown, to the satisfaction of the court. First. That the company requires for the purposes of its incorporation the land described. Second. An inability to agree, “for any cause," with the owner for its purchase. Both these facts are clearly shown by the testimony taken before the referee.
II. The point that the company does not require that property because other property would accommodate it, is fallacious. The company is the only judge of the manner of transacting its business. Its right to manage its own affairs is as absolute as that of an individual. It alone can determine the requirements of its business. The responsibilities of its franchise, and its duties to the public and individuals are imperative, and if they are neglected, it is no answer that the company is unable to procure the necessary property either by purchase or compulsorily. The proposition calls for an impossibility. The court cannot settle questions of this character, and determine where depots and buildings should be located, tracks constructed, freight deposited, cars stored and business done. The company must decide for itself what property is most appropriate to its wants (Oswego Falls Bridge Co. v. Fish, 1 Barb. Ch., 547; Lund v. Midland Railw. Co., 34 L. J. Ch., 276; 1 Redf. on Railw., 236; Stockton & Darlington R. R. Co. v. Brown, 9 H. of L. Cas., 246). The only way to avoid the decision of the corporation, is to show by affirmative proof the want of good faith and the presence of fraud in the proceeding.
III. The existence of the lease does not affect the proceeding, and there is no impairing the obligation of a contract. The case comes under the law of eminent domain. The land is taken by the sovereign power, and Mr. Kip paid the full value considering the lease. This proceeding establishes between the company and Mr. Kip the legal relation of purchaser and vendor, *96 and the obligation of the lease is not affected (Doo v. London & Croydon Railw. Co., 1 Railw. Cas., 257; Stone v. Commercial Railw. Co., 4 Mylne & C., 122; Mason v. Stokes Bay and Pier Railw. Co., 32 L. J. Ch., 110).
By the Court.*—Ingraham, P. J.
The nse of this land sought to be taken for a depot by the company for some years past, as well as the proof from the officers of the company, establish the fact that the same is requisite for the purposes of the company.
The fact of the lease being still unexpired, does not prevent this application. It may be necessary for the company to make farther expenditures for buildings, which they cannot do with prudence, on a short lease, and the application for the fee is not unreasonable.
We have nothing to do with the inquiry as to who are stockholders, or what relation they bear to each other. The law treats railways as institutions for the public convenience, and allows them to take property for the benefit of the railway, on the ground that it is for the public wants.
The other points made on the argument by the appellants do not affect the questions properly before us on this appeal.
We think the order must be affirmed.
Order affirmed.

 Present, Ingraham, P. J., and G. G. Barnard, J.